# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
DOUGLAS W. NICHOLSON, BAR NO.
3654.

No. 74721

FILED

MAY 24 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF SUSPENSION*

This is an automatic review of a Northern Nevada Disciplinary Board hearing panel's recommendation that this court suspend attorney Douglas Nicholson for one year, commencing on June 13, 2018, for violating RPC 3.4 (fairness to opposing parties and counsel). The panel also recommended that if Nicholson repays the subject debt before that date, then the suspension should be reduced to a public reprimand. Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of demonstrating by clear and convincing evidence that Nicholson committed the violation charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We employ a deferential standard of review with respect to the hearing panel's findings of fact, SCR 105(3)(b), and thus, will not set them aside unless they are clearly erroneous or not supported by substantial evidence, *see generally Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 105, 294 P.3d 427, 432 (2013); *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009). In contrast, we review de novo a disciplinary panel's conclusions of law and recommended discipline. SCR 105(3)(b).

18 - 20005

The violations in this matter, as set forth in the complaint, concern Nicholson's failure to repay a former client consistent with a promissory note he executed and despite the fact that he was ordered to repay her in a prior disciplinary proceeding and the debt has since been reduced to a judgment against him. Specifically, the client testified and the record otherwise supports that Nicholson agreed to pay the client $22,000 in 2009 because his failure to diligently pursue her personal injury action led to its dismissal. Nicholson stopped paying in 2012, and the then-$17,000 debt had to be renegotiated. When Nicholson stopped paying again, the client filed a grievance with the State Bar, which led to a 2015 public reprimand for Nicholson's violation of RPC 3.3 (candor toward a tribunal) as a result of his failure to inform a hearing panel considering his reinstatement to the practice of law that he had an outstanding debt to a former client. At that time, he agreed to and the disciplinary panel ordered him to comply with the previously executed promissory note, but thereafter he made just five monthly payments. The client filed an action to enforce the promissory note, which led to a judgment being entered against Nicholson for $15,715.33, plus statutory interest. The client filed another grievance with the State Bar when Nicholson failed to satisfy the judgment.

The panel found that Nicholson violated RPC 3.4 (fairness to opposing parties and counsel: knowingly disobeying an obligation under the rules of a tribunal). Nicholson admitted that the prior disciplinary panel ordered him to repay the client in 2015 and that he has failed to do so. Thus, he has conceded that he violated RPC 3.4.

In determining whether the panel's recommended discipline is appropriate, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and

the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). We must ensure that the discipline is sufficient to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (noting the purpose of attorney discipline).

The record supports the panel's determination that Nicholson knowingly violated his duty owed to the legal system (fairness to opposing parties and counsel). Nicholson's misconduct harmed the integrity of the legal system, and it harmed the client because she has yet to receive all of the money she is owed. The panel found and the record supports three aggravating circumstances (prior discipline, pattern of misconduct, and substantial experience in the practice of law) and four mitigating circumstances (cooperation with the disciplinary authority, personal and emotional problems, remorse, and sincerity in seeking to satisfy the debt within the allotted time).

Considering all of these factors, we agree that a suspension is warranted. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 6.22 (Am. Bar Ass'n 2015) ("Suspension is generally appropriate when a lawyer knows that he or she is violating a court order or rule, and causes injury or potential injury to a client. . . ."); Standard 8.2 ("Suspension is generally appropriate when a lawyer has been reprimanded for the same or similar misconduct and engages in further similar acts of misconduct that cause injury or potential injury to a client. . . ."). We disagree, however, that a one-year suspension is warranted. Considering the mitigating circumstances, we conclude that the recommended one-year suspension is excessive and a six-month suspension would adequately serve the purpose

 

of attorney discipline. Nevertheless, we agree with the panel that the suspension should begin on June 13, 2018, to provide Nicholson with time to extinguish the debt, and if Nicholson extinguishes the debt and is able to provide proof of such extinguishment to the State Bar by that date, this suspension should be reduced to a public reprimand.

Accordingly, we hereby suspend Douglas W. Nicholson from the practice of law in Nevada for six months beginning on June 13, 2018. If Nicholson provides proof to the State Bar that he has extinguished the underlying debt by June 13, 2018, his suspension will be reduced to a public reprimand, to be issued by the hearing panel. Further, by July 13, 2018, Nicholson shall pay the actual costs incurred in the bar proceeding and $2,500 in administrative costs pursuant to SCR 120, unless his suspension has been reduced to a public reprimand, in which case he shall pay the actual costs of the bar proceeding and $1,500 in administrative costs. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Stiglich

 

cc:   Chair, Northern Nevada Disciplinary Board
Douglas W. Nicholson
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court

